1

2

3

4                              UNITED STATES DISTRICT COURT

5                            NORTHERN DISTRICT OF CALIFORNIA

6

7    CARLOS DARIO WILSON,                        Case No.  25-cv-08909-EMC

8                   Plaintiff,

9            v.                                  **ORDER DENYING PLAINTIFF'S**
                                                 **MOTION FOR EMERGENCY**
10   HORIZON ACTUARIAL SERVICES,                 **INJUNCTION**
     LLC, et al.,
11                                               Docket No. 9
                   Defendants.

12

13

14        Plaintiff Carlos Dario Wilson, proceeding pro se, has filed suit against Defendants Horizon

15   Actuarial Services, LLC ("Horizon"); Unite Here, Local 2 ("Union"); Mike Casey; and Anand

16   Singh.[1]  In his complaint, Mr. Wilson alleges that he was formerly an employee of the Union; that

17   the Union contracted with Horizon to provide certain services to Union employees; that Horizon

18   suffered a data breach; and that Mr. Wilson was injured a result.[2]  According to Mr. Wilson, the

19   data breach "made possible violent stalking[,] cyber stalking, witness intimidation, obstruction,

20   harassment, rape, torture and the human trafficking by third party actors believed to be the agents

21   and associates of former Unite Here[] Local 2 . . . leader, Mike Casey."[3]  Compl., ECF Page 3.  He

22

23   [1] Mr. Casey, as alleged, is the former president of the Union.  Mr. Singh appears to be the current
     president.

24
     [2] As alleged by Mr. Wilson, a class action was brought against Horizon because of the data breach.
25   *See Sherwood, et al. v. Horizon Actuarial Services, LLC*, No. 1:22-cv-01495-ELR (N.D. Ga.).
     That lawsuit settled, but Mr. Wilson opted out of the class action settlement.

26
     [3] Attached as Exhibit C to the complaint is a letter written by Mr. Wilson.  In the letter, Mr.
27   Wilson seems to claim that the alleged wrongdoers are, in fact, family members and others
     associated with them.  *See* Compl., Ex. C (ECF Page 3-4).  Mr. Wilson brought a separate lawsuit
     making similar charges; that case has been dismissed.  *See Wilson v. Tahbazof*, No. C-23-5624
28   TLT (N.D. Cal.).

also indicates that the goal of the "bad actors" was "to steal his identity and defraud [him] and his family of his retirement investment accounts and his family's estates." Compl., ECF Page 5; *see also* Compl., ECF Pages 9-10 (referring to his own financial accounts held with "San Francisco Federal Credit Union, Merrill Lynch, Fidelity Investments, US Bank, Wells Fargo[,] Bank of America, ING, Cash App, PayPal and others" as well as his "grandparent's and parent's estates").

Currently pending before the Court is Mr. Wilson's motion for an emergency injunction and claim to victim's rights. In the motion, Mr. Wilson asks the Court to prevent further harassment and intimidation, to halt the dissipation of funds belonging to him or family members, to declare that he has certain rights as a victim, and to order the return of his ADA service animals. Having considered the papers filed, the Court hereby **DENIES** Mr. Wilson's motion for relief.

## I.     DISCUSSION

Mr. Wilson is proceeding pro se. The Court liberally construes his motion as one seeking a temporary restraining order ("TRO").

As an initial matter, the Court denies Mr. Wilson relief because there is no indication that he gave notice of his motion to any Defendant. Nor has Mr. Wilson provided an explanation as to why an ex parte TRO should issue. *See* Fed. R. Civ. P. 65(b)(1) (providing that "[t]he court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if: (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required"); *see also Reno Air Racing Ass'n v. McCord*, 452 F.3d 1126, 1131 (9th Cir. 2006) (noting that "courts have recognized very few circumstances justifying the issuance of an ex parte TRO").

Furthermore, even if there were no procedural impediment to Mr. Wilson's motion, the Court would still deny Mr. Wilson relief because it is not clear that the Court has subject matter jurisdiction over the case. Mr. Wilson seems to allege in his complaint only state law causes of action. *See* Compl., ECF Page 4 (incorporating the state law claims pled in *Sherwood*, the data breach case brought against Horizon). If he is bringing only state law causes of action, there is no

United States District Court
Northern District of California

United States District Court
Northern District of California

1   diversity jurisdiction because complete diversity between the parties is lacking.  *See* 28 U.S.C. §

2   1332(a)(1) (providing that, for diversity jurisdiction, the amount in controversy must exceed

3   $75,000 and the controversy is between "citizens of different States").  Both Mr. Wilson and

4   Horizon appear to be citizens of California.  *See Johnson v. Columbia Props. Anchorage, LP*, 437

5   F.3d 894, 899 (9th Cir. 2006) ("hold[ing] that, like a partnership, an LLC is a citizen of every state

6   of which its owners/members are citizens"); Compl., ECF Page 3 (alleging that some of the

7   members of Horizon – an LLC – are citizens of California).

8       Finally, even if a federal cause of action were pled in the complaint[4] – which would give

9   rise to federal question jurisdiction, *see* 28 U.S.C. § 1331 (providing that "[t]he district courts shall

10  have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the

11  United States") – Mr. Wilson's contention that Defendants were involved in some kind of

12  conspiracy to intimidate him, engage in human trafficking, or otherwise violate his rights is

13  entirely speculative.  He does not offer any evidence, let alone any nonconclusory allegations, to

14  support this assertion.  Accordingly, Mr. Wilson has failed to show a likelihood of success on the

15  merits, or even serious questions going to the merits, and a TRO is not proper.  *See Winter v.*

16  *NRDC, Inc.*, 555 U.S. 7, 22 (2008) (noting that, for preliminary injunctive relief, a plaintiff "must

17  establish that [plaintiff] is likely to succeed on the merits, that [plaintiff] is likely to suffer

18  irreparable harm in the absence of preliminary relief, that the balance of equities tips in

19  [plaintiff's] favor, and that an injunction is in the public interest"); *Alliance for the Wild Rockies v.*

20  *Cottrell*, 632 F.3d 1127, 1131-32 (9th Cir. 2011) (noting that the Ninth Circuit has adopted a

21  sliding scale approach under which "a preliminary injunction could issue where the likelihood of

22  / / /

23  / / /

24  / / /

25  / / /

26

27  ───────────────
    [4] Mr. Wilson makes a passing reference to RICO and the Trafficking Victims Protection
28  Reauthorization Act in the complaint.  *See* Compl., ECF Page 4 (alleging "violations of O.C.G.A.
    § 13-6-11, culminating in RICO and TVPRA violations, both severe and ongoing").

success is such that 'serious questions going to the merits were raised and the balance of hardships tips sharply in [plaintiff's] favor").

## II.    <u>CONCLUSION</u>

For the foregoing reasons, Mr. Wilson's motion for a TRO is denied.

This order disposes of Docket No. 9.

**IT IS SO ORDERED**.

Dated: November 19, 2025

_____
P. CASEY PITTS
United States District Judge

4