UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CARLOS DARIO WILSON,

            Plaintiff,

    v.

HORIZON ACTUARIAL SERVICES, LLC, et al.,

            Defendants.

Case No.  25-cv-08909-EMC

**ORDER TO SHOW CAUSE**

Docket No. 17

Plaintiff Carlos Dario Wilson, proceeding pro se, has filed suit against Defendants Horizon Actuarial Services, LLC ("Horizon"); Unite Here, Local 2 ("Union"); Mike Casey; and Anand Singh.[1]  In his complaint, Mr. Wilson alleges that he was formerly an employee of the Union; that the Union contracted with Horizon to provide certain services to Union employees; that Horizon suffered a data breach; and that Mr. Wilson was injured a result.[2]  According to Mr. Wilson, the data breach "made possible violent stalking[,] cyber stalking, witness intimidation, obstruction, harassment, rape, torture and the human trafficking by third party actors believed to be the agents and associates of former Unite Here[] Local 2 . . . leader, Mike Casey."[3]  Compl., ECF Page 3.

---

[1] Mr. Casey, as alleged, is the former president of the Union. Mr. Singh appears to be the current president.

[2] As alleged by Mr. Wilson, a class action was brought against Horizon because of the data breach. *See Sherwood, et al. v. Horizon Actuarial Services, LLC*, No. 1:22-cv-01495-ELR (N.D. Ga.). That lawsuit settled, but Mr. Wilson opted out of the class action settlement.

[3] Attached as Exhibit C to the complaint is a letter written by Mr. Wilson.  In the letter, Mr. Wilson seems to claim that the alleged wrongdoers are, in fact, family members and others associated with them.  *See* Compl., Ex. C (ECF Page 3-4).  Mr. Wilson brought a separate lawsuit making similar charges; that case has been dismissed.  *See Wilson v. Tahbazof*, No. C-23-5624 TLT (N.D. Cal.).

United States District Court
Northern District of California

United States District Court
Northern District of California

Mr. Wilson also indicates that the goal of the "bad actors" was "to steal his identity and defraud [him] and his family of his retirement investment accounts and his family's estates." Compl., ECF Page 5; *see also* Compl., ECF Pages 9-10 (referring to his own financial accounts held with "San Francisco Federal Credit Union, Merrill Lynch, Fidelity Investments, US Bank, Wells Fargo[,] Bank of America, ING, Cash App, PayPal and others" as well as his "grandparent's and parent's estates").

Currently pending before the Court is a motion to dismiss filed by Horizon. Horizon moves to dismiss on several grounds:

(1) There is no diversity jurisdiction because, as alleged, both Mr. Wilson and Horizon are citizens of California. *See ee Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) ("hold[ing] that, like a partnership, an LLC is a citizen of every state of which its owners/members are citizens"); Compl., ECF Page 3 (alleging that some of the members of Horizon – an LLC – are citizens of California).

(2) There is no federal question jurisdiction because Mr. Wilson has pled only state law causes of action. *See* Compl., ECF Page 4 (listing state law claims and also stating that claims pled in *Sherwood* – all based on state law – were being incorporated). Mr. Wilson's passing reference to RICO and the Trafficking Victims Protection Reauthorization Act in pleading a claim under Georgia law (violations of O.C.G.A. § 13-6-11) is insufficient to give rise to federal claims. *See, e.g.*, *Newtok Vill. v. Patrick*, 21 F.4th 608, 616 (9th Cir. 2021) (stating that "the 'mere reference of a federal statute in a pleading will not convert a state law claim into a federal cause of action if the federal statute is not a necessary element of the state law claim and no preemption exists'").

(3) Subject matter jurisdiction is also lacking because Mr. Wilson's complaint is patently insubstantial or obviously frivolous. *See Neitzke v. Williams*, 490 U.S. 319, 327 n.6 (1989) (stating that "[a] patently insubstantial complaint may be dismissed . . . for want of subject-matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1)"); *Grant v. Carns*, No. 22-cv-02932-SVK, 2022 U.S. Dist. LEXIS 179136, at *10 (N.D. Cal.

2

Sept. 30, 2022) (noting that "[a] federal court lacks jurisdiction to consider claims that are 'essentially fictitious,' 'wholly insubstantial,' 'obviously frivolous,' or 'obviously without merit'").

(4) Mr. Wilson lacks standing because the injuries he claims are not traceable to any alleged wrongdoing by Horizon. *See Jones v. L.A. Cent. Plaza LLC*, 74 F.4th 1053, 1057 (9th Cir. 2023) (stating that, "'[t]o satisfy Article III's standing requirements, a plaintiff must show (1) it has suffered an "injury in fact" that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision'"); Mot. at 9, 11 (emphasizing that "the alleged stalking, harassment, and trafficking scheme in this case began *before* the [data security] incident" and that third parties, not Horizon, engaged in these acts) (emphasis added).

Mr. Wilson has failed to file an opposition in response to Horizon's motion to dismiss. In light of the failure to oppose, the Court hereby orders as follows.

- The hearing on Horizon's motion to dismiss is **VACATED**.

- The Court orders Mr. Wilson **to show cause** as to why his claims against **Horizon** should not be dismissed for failure to prosecute. In his response to this order to show cause, Mr. Wilson must also address the merits of Horizon's motion to dismiss.

- In addition, Mr. Wilson is ordered **to show cause** as to why his claims against the **remaining defendants** should not be dismissed for failure to prosecute and/or lack of subject matter jurisdiction. It does not appear that Mr. Wilson has served the remaining defendants. In addition, Horizon's arguments on lack of subject matter jurisdiction are equally applicable to the remaining defendants.

- Mr. Wilson's response to this order to show cause shall be filed by **March 4, 2026**. Mr. Wilson is expressly forewarned that, if he does not file a response by this deadline, then his case will **automatically be dismissed** based on (1) failure to

3

prosecute and (2) lack of subject matter jurisdiction.  A final judgment will issue and his case before this Court will be closed.

**IT IS SO ORDERED**.

Dated: February 18, 2026

_____
EDWARD M. CHEN
United States District Judge

United States District Court
Northern District of California

4